IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROCKY L. LACEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13-1418-EFM |
| | ) |
| OCWEN LOAN SERVICING, LLC, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's "Motion under Rule 19 of the Federal Rules of Civil Procedure to Add Virginia Lacey as Plaintiff to Plaintiff's Claim" (Doc. 60). For the reasons set forth below, the motion shall be DENIED.

### Background[1]

Plaintiff resides at the residence in Udall, Kansas which forms the genesis of this lawsuit. Eleven years after purchasing the property in 1992, plaintiff refinanced it in 2003 by executing a note in favor of RBMG, Inc. which was secured by a mortgage on the residence. The note and mortgage were later assigned to The Bank of New York Mellon Trust Company and serviced by Ocwen Loan Servicing, LLC (Ocwen) and GMAC Mortgage, LLC (GMAC). Appearing pro se, plaintiff claims that the Bank of New York, Ocwen, and GMAC violated several statutes and committed torts while

---

[1] The facts in this section are taken from the parties' pleadings and briefs and should not be construed as judicial findings or factual determinations.

Ocwen and GMAC serviced the mortgage.

Judge Melgren reviewed the facts of the case in detail in the Memorandum and Order filed June 25, 2014 (Doc. 39) and those facts will not be repeated here. In summary, plaintiff's amended complaint included six claims against Ocwen and GMAC: (1) violation of the Fair Debt Collection Practices Act (FDCPA), (2) violation of the Real Estate Settlement Procedures Act (RESPA), (3) breach of contract, (4) negligence, (5) intentional infliction of emotional distress, and (6) conspiracy to commit fraud. Plaintiff also included the Bank of New York in the breach of contract and negligence claims. After consideration of defendants' motion to dismiss, Judge Melgren dismissed plaintiff's FDCPA, negligence, and conspiracy to commit fraud claims, but allowed the RESPA, breach of contract, and intentional infliction of emotional distress claims to proceed.

A Scheduling Order was entered on July 30, 2014, which ordered a deadline of September 4, 2014 for filing any motion for leave to join additional parties or to otherwise amend the pleadings. (Doc. 44.) A pretrial conference is scheduled for January 9, 2015.

**Plaintiff's Rule 19 Motion to Add Virginia Lacey as Plaintiff (Doc. 60)**

Plaintiff filed his motion requesting that his wife, Virginia Lacey, be added as a plaintiff pursuant to Fed. R. Civ. P. 19 on December 15, 2014. Specifically, he argues that because she is his legal spouse, a resident of the property, and a party to the mortgage, she is a required party to the action. In support, plaintiff simply cites the following portion of Rule 19:

> (a) **Persons Required to be Joined if Feasible**.
> (1) **Required Party**. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> . . .
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(B)(i) and (ii). Plaintiff does not elaborate further and provides no other facts or authority to support his position, and neither did he file a reply within the required time period.[2]

Defendant asserts that plaintiff's motion is procedurally incorrect, but that even if he had filed a proper motion, his request is untimely. Additionally, defendants argue that there are no allegations in the Amended Complaint that include Virginia. Defendants contend that plaintiff fails to meet his burden for required joinder under Rule 19, and allowing the addition of another plaintiff at this stage of litigation would unduly prejudice defendants.

The court tends to agree that the proper motion by plaintiff would have been one for leave to amend the pleadings under Rule 15 or perhaps a Rule 24 motion by Virginia to intervene. However, because plaintiff is pro se, the court construes his filing liberally[3] and finds that, regardless of which procedural method plaintiff employed, the result is the

---

[2] Defendants' Response in Opposition (Doc. 62) was filed on December 23, 2014, making plaintiff's reply due on January 6, 2015. To date, no reply has been filed.
[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

same.

A similar request was denied by U.S. Magistrate Judge David Waxse in *Yarbary v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.*[4] In *Yarbury*, the pro se plaintiff sought to join his older brother as another pro se plaintiff.  The court denied the motion, finding that a pro se party may not appear on another person's behalf and therefore may not add another pro se litigant to the action.[5]  While this case is persuasive, the record before this court is not clear whether plaintiff intends to act on behalf of his wife, or whether she plans to represent herself.  Without clarity on this subject, the court will not decide the motion on this issue but rather on the merits of the Rule 19 request itself.

As the movant, plaintiff bears the burden to demonstrate that his wife is necessary for a just adjudication of the case.[6]  However, plaintiff failed to provide any factual details to demonstrate why Virginia is a necessary party.  She is not mentioned in either the initial Complaint and its numerous exhibits[7] (Doc. 1) or the Amended Complaint (Doc. 19).  Despite defendants' well-reasoned response, including the allegation that Virginia lacks standing as a potential plaintiff because she is not a party to the note at issue, plaintiff failed to reply.

Furthermore, plaintiff provides no explanation for his failure to add Virginia at an earlier stage of litigation.  There are no facts in the record to suggest that she and plaintiff

---

[4] No. 12-2773-CM-DJW, 2013 WL 5587842, at *1 (D. Kan. Oct. 10, 2013).
[5] *Id*.
[6] See *Bushnell, Inc. v. Brunton Co.*, 659 F. Supp. 2d 1150, 1165 (D. Kan. 2009); see also *Sac & Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001).
[7] These exhibits include a number of copies of correspondence between plaintiff and defendants regarding the status of the mortgage, as well as a copy of the Note dated January 5, 2003 (Doc. 1, Ex. 2 at pp. 40-42).

are newly married or that she recently became a resident of the subject property. To the contrary, Virginia was present during the Scheduling Conference on July 29, 2014, nearly five months before plaintiff filed this motion. Plaintiff's delay in seeking to add a party could cause substantial prejudice to the defendants. Discovery is closed, the deadline for addition of parties is long past, and the case is set for pretrial conference. Addition of a new party would require the re-opening of discovery, an additional pretrial conference, amendment of the pretrial order, and modification of all deadlines—all at additional costs to the parties. Given the lack of information presented to the court to support plaintiff's request, the court will not impose such a burden on the parties at this time.

**IT IS THEREFORE ORDERED** that plaintiff's motion to add Virginia Lacey as a plaintiff (**Doc. 60**) is **DENIED.**

This order shall be mailed to plaintiff at:

> Rocky L. Lacey
> 116 Blankenship
> Udall, KS 67146

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of January 2015.

> S/ Karen M. Humphreys
> KAREN M. HUMPHREYS
> United States Magistrate Judge